IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR AND HILDA JUAREZ, | § | |
|    *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16 –cv-02449 |
| | § | |
| ALLSTATE TEXAS LLOYDS AND | § | |
| CYRIL PAYNE, | § | |
|    *Defendants*. | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Allstate Texas Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1. On or about June 21, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Hector and Hilda Juarez v. Allstate Texas Lloyds and Cyril Payne;* Cause No. 1079226; In the County Court at Law No. 2 of Harris County, Texas, in which Plaintiffs made a claim for damages under their homeowners' insurance policy with Allstate Texas Lloyds following a windstorm/hailstorm. Allstate Texas Lloyds registered agent received this citation and petition on July 11, 2016. Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Harris County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendant's Original Answer.* Attached hereto as Exhibit "C" is the Designation of Counsel.

2520628
03646.395

## *Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4.      Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ 2.

5.      Defendant Allstate Texas Lloyd's is, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

6.      Defendant Cyril Payne is, and was at the date the Original Petition was filed, a citizen of the state of Alabama. See Plaintiffs' Original Petition, ¶ 4.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

2520628
03646.395

7. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

8. The amount in controversy in this case exceeds the jurisdictional requirements of this court. While Plaintiffs' Petition states that they are not seeking more than $74,999 in monetary relief, it also qualifies this by adding that they would accept and are contemplating a jury award in excess of this amount. *See* Plaintiffs' Original Petition, ¶ 66. Additionally, Plaintiffs demand letter notes damages sought at the time the letter was sent of about $50,000 and that at trial they would seek additional damages, including exemplary damages. *See* Plaintiffs' demand letter attached as Exhibit "D". This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

9. Allstate Texas Lloyds was first served with the petition on July 11, 2016. Allstate

Texas Lloyds files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10. Defendant Cyril Payne has not been served and, therefore, his consent to removal is not required.

11. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

13. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Texas Lloyds files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Harris County promptly after Allstate Texas Lloyd's files this Notice.

Respectfully submitted,

 */s/ Jay Scott Simon*
Jay Scott Simon
Attorney-in-Charge
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT ALLSTATE TEXAS LLOYDS**

2520628
03646.395

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiffs, Hector and Hilda Juarez, by and through their attorney of record, Matthew Zarghouni, Zar Law Firm, 7322 Southwest Freeway, Suite 1965, Houston, Texas 77074, on the 10th day of August, 2016.

              */s/ Jay Scott Simon*
              Jay Scott Simon